CHRISTOPHER STAIGER, Appellant, *v.* ROBERT H. KLITZ and CHARLES R. JUNG, Respondents.

Second Department, December 30, 1908.

Trial — motion to dismiss for failure to state cause of action — partnership — suit to rescind release — equity — return of benefits received.

Where a defendant moves at trial to dismiss the complaint on the ground that it fails to state a cause of action, the allegations must be taken as true, the same as upon demurrer.

Where, after the dissolution of a partnership, one partner sues to rescind his agreement releasing his copartners from all obligations arising out of the partnership on the ground that it was obtained by fraud, he must return or tender notes, or proceeds thereof, which he received for the balance of his claim in the partnership assets in consideration of his release. This, because he who seeks equity must do equity.

But in such action he need not return or tender sums received " on account of [his] copartnership interest," including the good will, as part of the consideration for his agreement to the *dissolution* as distinguished from his release.

APPEAL by the plaintiff, Christopher Staiger, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 4th day of May,

1908, upon the decision of the court, rendered after a trial at the Kings County Special Term, dismissing the complaint, and also from an order entered in said clerk's office on the same day denying the plaintiff's motion for a new trial.

*Henry Schoenherr*, for the appellant.

*John W. Boothby* [*Andrew F. Murray* and *August C. Nanz* with him on the brief], for the respondents.

Judgment and order affirmed, with costs, on the opinion of Mr. Justice MADDOX at Special Term.

WOODWARD, HOOKER, GAYNOR, RICH and MILLER, JJ., concurred.

The following is the opinion delivered at Special Term:

MADDOX, J.:

Plaintiff seeks, because of alleged fraud, the rescission of his release of the defendants from all copartnership obligations; that an account and an adjustment of the copartnership " dealings, transactions and property " be had and stated, and that defendants pay to him his due as shown by such accounting after crediting the defendants with the moneys theretofore paid by them to him on the dissolution of such copartnership. He asks not to rescind the copartnership dissolution, but that the release embraced in the agreement entered into upon the final adjustment of the copartnership affairs, bearing date January 31, 1906 (Schedule C appended to the complaint), be annulled.

On the trial defendants moved to dismiss on the ground that the complaint failed to state facts sufficient to constitute a cause of action in that plaintiff had failed to allege the return or an offer to restore to the defendants the consideration and moneys received by him on such dissolution and final adjustment of the copartnership accounts. The decision of that motion depended upon the language of the complaint only; it was the same as a demurrer to the complaint upon the same ground, and all issuable facts alleged in the complaint and, also, such as are fairly inferable from those so alleged must be considered and assumed to be true. The motion was, after argument, granted and plaintiff having moved for a new

trial the question as to the sufficiency of the complaint in that regard has been again considered.

From the complaint and the schedules made a part thereof plaintiff had and has a clear right to retain, in any event of this action, perforce of the agreement of January 20, 1906 (Schedule B), the $20,000 paid on "account of his copartnership interest." That sum was fixed by the parties as part consideration for the dissolution and it was the "balance of [his] interest" that remained to "be ascertained and determined, as of January 31st, 1906," for which he was to receive two notes each for one-half of such balance, whatever that might be, assuming that there would be a balance remaining. It will be seen that there is no provision for the return of any part of the $20,000 if such accounting should show that he had received more than his interest in the firm; that sum was to be paid to him "on account of [his] copartnership interest" as consideration for the dissolution of the firm, and if upon taking and stating the copartnership accounts "as of January 31st, 1906," there remained a balance due him then he was to be paid that balance by two notes each for one-half of such balance.

Likewise as to the $10,000 paid to him for his interest "in the good will of the said copartnership and for the continued use of his name" by the defendants as a part of their firm name in the continuance by them of the business of the former copartnership. Plaintiff also had and has a clear right to retain that sum, viz., $10,000; for, by mutual agreement, whatever might have then been the value of the "good will " of the former firm plaintiff was to be paid and has since been paid that sum for his interest in such "good will" and, also, for the continued use of his name as a part of the defendants' firm name.

Whether any value for that "good will" was considered and included in the final adjustment of January 31, 1906, does not appear, and is of no moment here save by way of passing comment. It had been disposed of, so far as plaintiff was and is concerned, by the agreement of January 20, 1906 (Schedule B), since for his interest in such "good will," together with the right to the defendants to "the continued use of his name" he has been paid the $10,000; hence, if embraced in and forming part of the partnership account-

ing and ascertainment of January 31, 1906, it was erroneously included.

But as to the balance of plaintiff's interest as "ascertained and determined, as of said January 31st, 1906," and for which he has received the two notes aggregating $12,061.21, the situation is different. Upon receiving such notes, he joined in the execution of the agreement of that date and therein and thereby released the defendants from "any and all obligations growing out of said partnership." It is that release which plaintiff seeks to be relieved from and thereupon to have an accounting by the former partners of the former partnership affairs and assets, claiming that the "ascertainment and determination" of such matters as shown in said agreement (Schedule C) were false and fraudulent and that he was induced to accept the same by reason of representations and statements which were false and fraudulent and which were known to the defendant so to be.

The agreement of January 31, 1906, was one of adjustment of the same matters which plaintiff seeks an accounting upon here, if he be successful in rescinding the release in question and in establishing the fraud alleged, and hence the defendants should be placed in as good a situation as they had at the time the agreement was entered into.

Another accounting may show that plaintiff was not entitled to the balance of $12,061.21, which he received on the settlement of January 31, 1906, and he who seeks equity must do equity; consequently, if plaintiff desired to be relieved from the effect and operation of that agreement (Schedule C), would again have "the balance of [his] interest   *   *   *   ascertained and determined, as of said January 31st, 1906," he should have returned or offered to return to the defendants the two notes so received by him and any payments made thereon, or if such notes were paid then the money received in satisfaction of said notes and the interest thereon.

The conclusion now reached is the same as that announced on the trial and the motion for a new trial is denied.